UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL JOHN BUI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MARK BERHARDSON, City Manager, and<br>SCHOEBORN PATRICT, Manager,<br><br>　　　　Defendants. | Civil No. 08-317 (JNE/JJG)<br><br>**REPORT AND<br>RECOMMENDATION** |

　　　　This matter is before the undersigned United States Magistrate Judge on Plaintiff=s AApplication To Proceed Without Prepayment of Fees,@ (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, (AIFP@), as permitted by 28 U.S.C. ' 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. ' 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff=s IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. ' 1915(e)(2)(B)(ii).

　　　　An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted.  28 U.S.C. ' 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

　　　　In this case, Plaintiff=s complaint is nearly impossible to understand.  As far as the Court can tell, Plaintiff is upset about the fact that he was arrested at a health care facility in June 2007.  He apparently was charged with making terroristic threats, and spent a few days in a

city jail in Bloomington, Minnesota.  It further appears that he later pled guilty to the charges that were filed against him, and he then received a suspended sentence.

Plaintiff is now attempting to sue two Defendants B (1) Mark Berhardson, who is identified as ACity Manager, City of Bloomington Police,@ and (2) Schoeborn Patrict, who is identified as AManager, HealthPartners Clinic in Bloomington.@  Plaintiff=s complaint includes the phrase Aassault, libel & slander,@ and it vaguely alleges that Athe Bloomington Police@ Adiscriminated@ against Plaintiff because of some unidentified Adisability,@ and because he is Vietnamese.  The complaint also includes several anomalous references to various federal laws, state laws and state rules of civil procedure.  However, the complaint does not describe any specific acts or omissions by either of the two named Defendants.

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal remedy against the named defendants based on some cognizable legal theory.  <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must Aview pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law@).  Plaintiff=s current complaint fails to meet this standard.  The complaint does not describe anything that either of the named Defendants allegedly did (or failed to do), which would entitle Plaintiff to any legal redress against either of the Defendants under any cognizable legal theory.  (Indeed, as the Court noted above, the complaint does not describe <u>any</u> specific acts or omissions by either Defendant.)  Thus, the Court finds that Plaintiff=s complaint fails to state a cause of action on which relief can be granted.

Because Plaintiff has failed to plead an actionable claim for relief, the Court will

recommend that Plaintiff's IFP application be denied, and this action be summarily dismissed, pursuant to 28 U.S.C. ' 1915(e)(2)(B)(ii).

### RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's AApplication to Proceed Without Prepayment of Fees,@ (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. ' 1915(e)(2)(B)(ii).

Date: February 12, 2008           s/ *Jeanne J. Graham*
                                  JEANNE J. GRAHAM
                                  United States Magistrate Judge

### **NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **February 26, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. ' 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.